SPHERIX, INC., Plaintiff,

v.

The UNITED STATES, Defendant,

and

ReserveAmerica Holdings, Inc., Intervenor.

No. 03–2371C.

United States Court of Federal Claims.

Nov. 17, 2003.

Eric James Marcotte, Washington, D.C., attorney of record for plaintiff.

Lauren S. Moore, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for defendant. David M. Cohen, Director, and William F. Ryan, Assistant Director.

Daniel N. Hylton, U.S. Department of Agriculture, National Forest Service, of counsel. Alton Woods, U.S. Department of the Interior, National Park Service, of counsel.

Robert S. Metzger, Washington, D.C., attorney of record for intervenor, ReserveAmerica Holdings, Inc., and Mary Ita Snyder, of counsel.

### OPINION

FUTEY, Judge.

This case comes before the court on Plaintiff's Motion For A Preliminary Injunction and defendant's and intervenor's responses. Prior to addressing the merits of the motion, the court ordered briefs to be filed on the subject of jurisdiction. Oral argument on those briefs was held on October 29, 2003. On November 3, 2003, the court issued an Opinion and Order holding that it possessed jurisdiction to review the United States Secretary of Agriculture's (Secretary) determination that it was in the public interest to award a sole source contract modification related to the National Recreation Reservation Service (NRRS).

Plaintiff, Spherix, Inc., asserts that it meets all criteria for the issuance of a preliminary injunction. In particular, plaintiff argues that it is likely to succeed on the merits of its case, will suffer irreparable harm unless an injunction is ordered, and that the risk of harm to plaintiff outweighs the hardships to the public or defendant. Defendant

and intervenor, ReserveAmerica Holdings, Inc., counter, *inter alia*, that plaintiff is unlikely to prevail on the merits of the case and, therefore, an injunction is unwarranted.

### Factual Background

The background facts of this case are detailed in the court's November 3, 2003, Opinion and Order.[1] In its opinion, the court held that it "has jurisdiction to decide whether the Secretary of Agriculture's determination that it is necessary in the public interest to make a sole source modification to intervenor's contract is clearly and convincingly justified, as required by 48 C.F.R. § 6.302–7, notwithstanding the discretion provided by 41 U.S.C. § 253(c)(7)(A)."[2] Defendant subsequently filed the Administrative Record and defendant and intervenor responded to plaintiff's motion for preliminary injunction. Among other arguments, those responses include briefing, as directed by the court, on "whether, based on the administrative record, the Secretary's determination of the public interest is clearly and convincingly justified."[3]

### Discussion

The court begins with the arguments on whether the Secretary's determination that the sole source modification was in the public interest. When such a determination is clearly and convincingly justified, pursuant to 48 C.F.R. § 6.302–7, the Secretary has properly invoked her authority under 41 U.S.C. § 253(c)(7) to make the sole source award. In making a valid determination of the public interest, the decision to award the contract modification is placed outside further review of the court and, therefore, plaintiff would necessarily fail to meet the burden of showing that it is likely to prevail on the merits.

Title 48 C.F.R. § 6.302–7 requires the head of an agency to make a determination and findings (D & F) pursuant to 48 C.F.R. § 1.7. Section 1.7 in turn establishes seven criteria or elements of said determination:

1.704 Content

Each D & F shall set forth enough facts and circumstances to clearly and convincingly justify the specific determination made. As a minimum, each D & F shall include, in the prescribed agency format, the following information:

(a) Identification of the agency and of the contracting activity and specific identifications of the document as *Determination and Findings.*

(b) Nature and/or description of the action being approved.

(c) Citation of the appropriate statute and/or regulation upon which the D & F is based.

(d) Findings that detail the particular circumstances, facts, or reasoning essential to support the determination. Necessary supporting documentation shall be obtained from appropriate requirements and technical personnel.

(e) A determination, based on the findings, that the proposed action is justified under the applicable statute or regulation.

(f) Expiration date of the D & F, if required (see 1.706(b)).

(g) The signature of the official authorized to sign the D & F (see 1.706) and the date signed.

48 C.F.R. § 1.704.

In form, all of these requirements are met by the D & F attached to the Secretary's written determination.[4] Plaintiff contends, however, that despite complying with the formal requirements, the "circumstances, facts, or reasoning" proffered by the Secretary fail to provide clear and convincing support for her determination. Plaintiff asserts that the " 'defense' of the determination . . . [does] little more than merely parrot the unsupported conclusions and assumptions contained in the [§ 253(c)(7)] waiver."[5]

---

1. *Spherix v. United States,* 58 Fed.Cl. 351 (2003).

2. *Id.* at 358.

3. *Id.*

4. Administrative Record (AR) at 145–49.

5. Plaintiff's Reply To Defendant's And Defendant–Intervenor's Opposition To Plaintiff's Motion For Preliminary Injunction (Pl.'s Reply) at 6.

All parties agree that "the underlying goal or public interest allegedly advanced by the agency's non-competitive award to [intervenor] was the creation of a 'One–Stop Recreation Reservation System.' "[6] The concern of the court, therefore, is whether the D & F adopted by the Secretary clearly and convincingly justify her determination that a sole source modification to intervenor's contract advanced that underlying public interest.

Plaintiff asserts that "the non-competitive award does *nothing* to further the general goal of establishing a single source system."[7] In support of its belief, plaintiff quotes defendant's assertion that "currently there are two reservation systems in place; with the addition of the 17 facilities to the NRRS contract with [intervenor], the same two systems would remain in place."[8] Plaintiff argues, therefore, that consolidating more National Park Service (NPS) sites into the NRRS does nothing to advance the goal of creating a "one-stop" recreational reservation Web site. Accordingly, plaintiff argues that the decision to award the sole source modification is not only without clear and convincing justification, but lacks even a rational basis.

While arguing that the present modification does nothing to advance the goal of a single source system, plaintiff ignores the fact that the NRRS has already been designated as the ultimate "one-stop" system. A letter dated December 12, 2003, addressed to selected heads of departments and agencies by the United States Office of Management and Budget Director Mitchell E. Daniels, Jr., precipitated the Secretary's action in this case. The letter stated that:

> the Recreation One Stop Initiative is focused on creating a simple Web-based resource for the public, offering a single point of access to information and reservations for federal recreational opportunities.
>
> . . . .

> ... OMB has already identified two Federal recreation reservation systems that can be consolidated [including the NRRS operated by intervenor and the National Park Reservation Service operated by plaintiff].
>
> ... *Under this consolidation, the National Recreation Service (NRRS) currently run jointly by the Forest Service and Army Corps of Engineers will become the one-stop recreation reservation system for the public, and the NRRS is hereby designated as "an executive agent for Government-wide acquisitions of information technology"* . . . .

> This consolidation is an important step in realizing the President's goal of making government citizen centered, by eliminating redundant agency-centered systems.[9]

The findings adopted by the Secretary note this fact, stating "the USDA, DOI, and Army Corps of Engineers agreed that the NRRS would become the one-stop recreation reservation system for the public. In order to establish a one-stop recreation reservation system, the USDA through the Forest Service, the U.S. Army through the Army Corps of Engineers, and the DOI through the NPS, and Bureau of Land Management (BLM), U.S. Fish and Wildlife Service (FWS), and Bureau of Reclamation (BOR) intend to enter into an Interagency Agreement to combine their requirements into one contract."[10] The D & F goes further to state that the new contract will be solicited "using full and open competition and will be implemented consistent with the Administration's policy on contract bundling. The estimated date of award for this new contract is August 2004 with projected implementation in February 2005."[11]

The D & F asserts that "[i]t is in the public interest to integrate agency recreation reservation requirements into the NRRS to the extent practicable earlier than February 2005 in order to provide a more comprehen-

---

6. *Id.*

7. *Id.* at 8.

8. Defendant's Response To Plaintiff's Memorandum In Support Of Its Request For A Preliminary Injunction (Def.'s Resp.) at 20.

9. AR at 131–32 (emphasis added).

10. *Id.* at 146.

11. *Id.*

sive Federal recreation reservation and information one-stop service." [12]

Plaintiff argues that the "creation of a single reservation system will not be achieved *until* after a vendor has been selected pursuant to the promised competition for a consolidated system. Piecemeal addition of sites to *either* the [plaintiff] or [intervenor] reservation systems does not advance creation of a single system or use of a single web-site—unless the winner of the competition for a consolidated system has been predetermined." [13]

Contrary to the assumptions underlying plaintiff's argument, it is not the goal of the agency to advance a projected but yet indeterminate "one-stop" reservation system. Rather, the government has decided that the NRRS is its system of choice and, accordingly, the Secretary has determined that it is in the public interest to include as many recreational sites in the NRRS as early as practicable. Although the government has predetermined the NRRS as the system from which it intends to build a one-stop, single reservation system, that is not the same as a predetermination of "the winner of the competition for a consolidated system." Any number of companies could presumably modify, operate, and maintain the NRRS in accordance with the terms of the anticipated 2004 solicitation.

Intervenor, however, is the contractor currently operating the NRRS. It stands to reason, therefore, that the only way to consolidate non-NRRS sites into the NRRS prior to the anticipated 2004 solicitation is to modify intervenor's contract on a sole source basis. Litigation has delayed the implementation of the modification, but at the time of the Secretary's determination, it was estimated that consolidating the recreational sites at issue in this case would "advance the ... Recreation One Stop initiative at least 16 months earlier than the competitively awarded contract." [14]

On the basis of her reliance on these findings, and on other documents contained in the Administrative Record, the court holds that the Secretary was clearly and convincingly justified in making her determination that a sole source modification of intervenor's contract was in the public interest.

Although the clear and convincing justification found in the Administrative Record is the exclusive basis of the court's holding, the court notes that an injunction is an equitable remedy. Plaintiff's bid protest was filed October 16, 2003, and an expedited review began, causing several weeks delay in the implementation of defendant's reservation system. On June 24, 2003, the Secretary made her determination that it was in the public interest to modify intervenor's existing NRRS contract by a sole source award. That determination was made public on August 12, 2003.[15] Plaintiff alleges that it made a request to compete for this award but defendant did not respond. The public notice, however, states that "[t]his notice is neither a request for proposal nor a solicitation of offers. No contract will be awarded on the basis of offers received in response to this notice." [16] Plaintiff's protest came only after intervenor had nearly completed the first phases of the modification. It is incumbent on a plaintiff seeking equitable relief to file its protest in a timely manner, avoiding undue harm to defendant or intervenor.

The court understands that part of plaintiff's motivation for this protest is the concern that by consolidating additional recreation sites into the NRRS during the intervenor's contract term, the government is providing a competitive advantage to intervenor with respect to the anticipated 2004 solicitation. This advantage would appear even greater than plaintiff initially suspected, given the government's predetermination of the NRRS as its "one stop" reservation system, which intervenor now

---

**12.** AR at 147, Exhibit 10.

**13.** Plaintiff's Memorandum In Support Of Its Motion For A Preliminary Injunction (Pl.'s Memo) at 28.

**14.** AR at 147.

**15.** Pl.'s Memo, Exhibit 10 (posting of "Federal Business Opportunities" Web site).

**16.** *Id.*

operates, and which may be extended by option until 2007.[17]

Nevertheless, the government has represented at every turn in the present case[18] and in a prior related case before Judge Wiese[19] that it anticipates issuing a solicitation for the operation of the consolidated reservation system in 2004. The court accepts these representations in good faith, *Knotts v. United States*, 128 Ct.Cl. 489, 492, 121 F.Supp. 630 (1954), including the statement contained in the USDA's finding that the solicitation "will be conducted using full and open competition and will be implemented consistent with the Administration's policy on contract bundling."[20]

### Conclusion

The court finds that the United States Secretary of Agriculture's determination that a sole source modification of intervenor's contract was clearly and convincingly justified and, therefore, in accordance with law and regulation. The Secretary properly exercised her discretion under 41 U.S.C. § 253(c)(7), which authorizes her to award a sole source modification without respect to competitive procedures otherwise mandated by the Competition In Contracting Act of 1984, 41 U.S.C. § 253.

For the above-stated reasons, it is not possible for plaintiff to prevail on the merits and, therefore, its Motion For A Preliminary Injunction is hereby DENIED.[21] Further, having determined that the Secretary acted in accordance with law and regulation, the modification at issue is beyond further review. The Clerk of the Court is directed to DISMISS plaintiff's complaint. No costs.

IT IS SO ORDERED.

---

17. AR at 145.

18. *Id.* at 146 (USDA estimating a new solicitation in August 2004 with project implementation in February 2005); *Id.* at 139 (DOI stating that a solicitation is anticipated in the fall of 2004).

19. Defendant's Status Report, *Spherix v. United States*, No. 03–1170 (Fed.Cl. June 16, 2003) (stating that "Interior and Agriculture anticipate issu-

ing a solicitation for a consolidated requirement reflecting the reservation needs of Interior, Agriculture, and other agencies by the spring of 2004, with award in the fall of 2004").

20. AR at 146.

21. It is not, therefore, necessary for the court to address the other arguments made by plaintiff.